Anderson, J.,
delivered the opinion of the court.
The court is of opinion that, whilst the testator directed his whole estate, real and personal, to be kept together so long as his three nieces, named in the will, continued unmarried, “and so much of the proceeds thereof as may be essential to their genteel and comfortable support,” to be applied to that object, if the proceeds or income from his estate exceeded the sum essential for that purpose, the excess should be distributed without delay, amongst the other objects of his bounty, including also his said nieces. He expressly declares that the limitation on the distribution of his estate, until the marriage of his nieces, was not designed to deprive others, who were also objects of his bounty, of their share in his estate, when provision shall have been made, for “such comfortable support” •of bis nieces “as they needed.”
But the terms “genteel and comfortable,” are very *847 indefinite. They have no exact and precise meaning; and would convey different ideas to different ears. What one would regard as genteel and another might think was very uncomfortable and not at all genteel. The testator, probably to remove diffieulty on this score, indicates in a codicil to his will, what he meant by a genteel and comfortable support, by saying that he thinks the sum of $300 each, ought to secure it. That was perhaps the best definition or description that he could have given, of what, according to his ideas, would constitute a genteel and comfortable ■support for his nieces. But, lest it might be construed that he intended his nieces to have the sum designated whether or not, he - uses the precaution to insert the words, “provided my estate will afford it.” And his deeming it necessary to make this qualification, implies that he himself when preparing his will, understood the language he was using to import a reduction of the legacies of support to a fixed sum, an annuity of $300 to each, and hence he inserts the above qualification, lest it might be too heavy a draft on his estate. Why should he have mentioned any sum unless he intended it as • a restriction ? He uses words to show that it might not reach that sum, but gives no intimation that in any event it should exceed that sum.
The court is strongly inclined to construe this clause in the codicil restricting the legacies of support so as not to exceed an annuity of $300 to each.
But if it should not be so construed, it is a clear indication by the testator himself, what sum he regarded as sufficient to satisfy the charge he made upon his estate for the genteel and comfortable support of his nieces, and the court would not be warranted in increasing the appropriation, unless it clearly appeared from the evidence in the record, that the testator had *848 designated that amount under a misconception, and that to restrict the annuitants to it would defeat the manifest intention and purpose of benefaction £0 them. But this is not shown by the record. Indeed there is no evidence in the cause to show that the annuity of $800 to each, is not sufficient for their support in the manner contemplated and desired by the testator. The court is of opinion therefore' to affirm the decree of the circuit court.
Decree aeeirmed.